UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CLINT PHILLIPS, III, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:22-cv-00093-AGF |
| TWO UNKNOWN POLICE OFFICERS OF THE CITY OF ST. LOUIS, et al., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of plaintiff Clint Phillips, III for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 3). Having reviewed the motion, the Court finds that it should be granted. *See* 28 U.S.C. § 1915(a)(1). Additionally, for the reasons discussed below, the Court will dismiss this action without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

### The Complaint

Plaintiff is a self-represented litigant who brings this civil action pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985. (Docket No. 1 at 3). He names four separate defendants: (1) Two Unknown Police Officers of the City of St. Louis; (2) the City of St. Louis; (3) Dr. Pimiente Christancho; and (4) Barnes Jewish Hospital. (Docket No. 1 at 1). Plaintiff does not indicate the capacity in which these defendants are sued. The complaint alleges that plaintiff was "civilly committed under false pretenses and [his] liberty interests violated." (Docket No. 1 at 9).

2

In the "Statement of Claim," plaintiff asserts that in July 2017, he "was civilly committed by two unknown police officers of the City of St. Louis, 6th district." (Docket No. 1 at 6). He contends that he was not a danger to himself or others, and that the actions of the officers "violate clearly established law via the Fourth Amendment." More particularly, plaintiff alleges that the officers "lied and said [he] was in possession of and threatening [his] family with a shotgun." However, he notes that "they could not produce" the shotgun at the time of the arrest or hearing, and that "they were specifically referring to [his] wife," who does not reside with him, and who is separated from him.

With regard to the City of St. Louis, plaintiff asserts that "the city itself should be vicariously liable for [the officers'] actions."

As to Dr. Christancho, plaintiff asserts that "Christancho and the judge held [his] commitment hearing ex parte which is automatically a false imprisonment in the State of Missouri." He further accuses them of "knowingly" filing "a false and misleading insanity certificate," thereby denying them "any type of quasi-judicial immunity." (Docket No. 1 at 6-7). Plaintiff also argues that "the doctor and the hospital should be considered state actors for conspiring with St. Louis City police officers to commit intentional and constitutional torts." (Docket No. 1 at 7).

Concerning his commitment, plaintiff states that two things are needed for an involuntary commitment: "a facially valid psychiatrist certificate" and "a facially valid finding of probable cause to the same effect." He alleges that "defendants had neither." (Docket No. 1 at 8). Without any factual support, plaintiff asserts that "the medical certificate was materially false and deficient and not facially valid upon probable cause," and that the "police gave false and misleading

3

information." (Docket No. 1 at 8-9). As a result, he states that he "was forced to take unwanted medicines, including a dangerous one called Zyprexa."

Plaintiff concludes that his commitment resulted from the police officers, Barnes Jewish Hospital, and Dr. Christancho acting "in concert to deprive [him] of [his] constitutional rights." (Docket No. 1 at 8). He also alleges that the police officers and Dr. Christancho "had a mutual understanding and a meeting of the minds to involuntarily commit" him "under false pretenses." (Docket No. 1 at 9).

Based on this incident, plaintiff seeks $16 million in damages. (Docket No. 1 at 4, 10).

## Discussion

Plaintiff is a self-represented litigant who brings this civil action pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985, alleging that his constitutional rights were violated when he was civilly committed in 2017. Because he is proceeding in forma pauperis, the Court has reviewed his complaint under 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the Court will dismiss this action without prejudice.

**A. Claim Against the City of St. Louis**

A local governing body can be sued directly under 42 U.S.C. § 1983. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). To prevail on this type of claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training,

4

which is an extension of the same"). Thus, there are three ways in which plaintiff can prove the liability of the City of St. Louis.

First, plaintiff can show the existence of an unconstitutional policy. "Policy" refers to "official policy, a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). However, when "a policy is constitutional on its face, but it is asserted that a municipality should have done more to prevent constitutional violations by its employees, a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id*. at 390. "A policy may be either a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the municipality's governing body." *Angarita v. St. Louis Cty.*, 981 F.2d 1537, 1546 (8th Cir. 1992).

Second, plaintiff can establish a claim of liability based on an unconstitutional "custom." In order to do so, plaintiff must demonstrate:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013).

Finally, plaintiff can assert a municipal liability claim by establishing a deliberately indifferent failure to train or supervise. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989) (explaining that inadequate training may serve as the basis for 42 U.S.C. § 1983 liability only when "the failure to train amounts to deliberate indifference"). To show deliberate indifference, a plaintiff must prove that the municipality "had notice that its procedures were inadequate and likely to result in a violation of constitutional rights." *See Jennings v. Wentzville R-IV Sch. Dist.*, 397 F.3d 1118, 1122 (8th Cir. 2005). Ordinarily, this is done by a plaintiff alleging a "pattern of similar constitutional violations by untrained employees." *See S.M. v. Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017).

Plaintiff does not need to specifically plead the existence of an unconstitutional policy or custom. *See Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004). However, at a minimum, the complaint must allege facts supporting the proposition that an unconstitutional policy or custom exists. *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003). In this case, plaintiff has failed to allege any facts supporting the proposition that the City of St. Louis violated his constitutional rights due to an unconstitutional policy, custom, or failure to train.

First, plaintiff has not demonstrated the existence of an unconstitutional policy, as he points to no "policy statement, ordinance, regulation, or decision officially adopted and promulgated by the [City of St. Louis's] governing body" as being at issue in this case. Certainly, he does not allege that his civil commitment occurred due to "a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." Instead, plaintiff attributes his purportedly illegal commitment to the actions of various individuals who are unconnected to City of St. Louis policymakers. Besides the lack of specific allegations regarding

an unconstitutional policy, the Court cannot infer the existence of such a policy or custom based on only a single incident. *See Wedemeier v. City of Ballwin, Mo.*, 931 F.2d 24, 26 (8th Cir. 1991).

Second, plaintiff has not established an unconstitutional custom. That is, he has not presented facts showing the "existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by" City of St. Louis employees, much less that policymaking officials were deliberately indifferent to or tacitly authorized such misconduct. Instead of a persistent pattern, plaintiff confines his facts – such as they are – to a single incident in which he was involuntarily committed for threatening his family. As previously noted, the Court cannot infer an unconstitutional custom from a single occurrence.

Third, and similarly, plaintiff has not demonstrated that the City of St. Louis was deliberately indifferent in failing to train or supervise its employees. To show deliberate indifference, plaintiff must prove that St. Louis "had notice that its procedures were inadequate and likely to result in a violation of constitutional rights." Typically, this is done by alleging a "pattern of similar constitutional violations by untrained employees." Here, as discussed above, plaintiff has not presented a pattern, but instead focuses on a solitary incident.

Finally, plaintiff cannot hold the City of St. Louis liable simply because they employed the two police officers involved in his commitment. *See A.H. v. City of St. Louis, Mo.*, 891 F.3d 721, 728 (8th Cir. 2018) ("In an action under [42 U.S.C.] § 1983, a municipality…cannot be liable on a respondeat superior theory"). As such, plaintiff's assertion that St. Louis should be vicariously liable for the actions of its officers is without merit.

For all of these reasons, plaintiff has failed to state a claim against the City of St. Louis. Therefore, the municipal liability claim against it must be dismissed. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff

7

"alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

### B. Claims Against the Two Unknown Police Officers

A plaintiff can bring a 42 U.S.C. § 1983 claim against a public official acting in his or her official capacity, his or her individual capacity, or both. *Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007). However, if the complaint is silent about the capacity in which the defendant is being sued, the complaint is interpreted as including only official capacity claims. *Id*. *See also Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("[I]n order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity"); *Artis v. Francis Howell North Band Booster Ass'n, Inc.*, 161 F.3d 1178, 1182 (8th Cir. 1998) ("If the complaint does not specifically name the defendant in his individual capacity, it is presumed he is sued only in his official capacity"); and *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995) ("If a plaintiff's complaint is silent about the capacity in which she is suing the defendant, we interpret the complaint as including only official-capacity claims").

In this case, plaintiff has not indicated the capacity in which he is suing the two police officers. Because he has not indicated their capacities, the Court must presume the officers are sued in their official capacities only.

In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson*, 172 F.3d at 535. *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a

8

suit against the County"); *Kelly*, 813 F.3d at 1075 (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent").

In this case, the two police officers are alleged to be employed by the City of St. Louis. As such, the official capacity claims against them are treated as claims against the city itself, their employer. However, as discussed at length above, plaintiff has failed to state a municipal liability claim against St. Louis. Therefore, the official capacity claims against the two unknown police officers must likewise be dismissed.

Even if plaintiff had specifically sued the two police officers in their individual capacities, he has still failed to state a claim under the Fourth Amendment. "Under the Fourth Amendment, a person has a right to be secure in his person and warrants may not issue but upon probable cause." *Ross v. City of Jackson, Mo.*, 897 F.3d 916, 920 (8th Cir. 2018). "It is well established that a warrantless arrest without probable cause violates an individual's constitutional rights under the Fourth and Fourteenth Amendments." *Joseph v. Allen*, 712 F.3d 1222, 1226 (8th Cir. 2013). Likewise, when a person is detained for mental health reasons, the state must have probable cause that the individual "poses an emergent danger." *See Graham v. Barnette*, 5 F.4th 872, 886 (8th Cir. 2021). With that said, a false arrest claim under 42 U.S.C. § 1983 "fails as a matter of law where the officer had probable cause to make the arrest." *Kurtz v. City of Shrewsbury*, 245 F.3d 753, 758 (8th Cir. 2001).

In this case, plaintiff has not factually demonstrated a Fourth Amendment violation or shown that the officers lacked probable cause. To the contrary, he acknowledges that the two police officers arrested him for threatening his family with a shotgun. Of course, plaintiff states that the

9

officers "lied," but provides no facts to establish what he means. The only explanation he offers is to state that a shotgun was not produced at the "time of arrest or hearing," and that he was separated from his wife. Despite alluding to a supposed lack of evidence, plaintiff pointedly fails to deny any threatening behavior. That is to say, he never specifically denies being a danger to others, and he certainly does not allege that the police officers had knowledge that he was not a danger. Without any supporting facts, he has not shown that the officers lacked probable cause.

In determining whether or not plaintiff has stated a claim, the Court is not bound to accept legal conclusions couched as factual allegations. *See Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017). Furthermore, "factual allegations must be enough to raise a right to relief above the speculative level." *Id*. Here, plaintiff's statement that the officers lied is nothing more than an unsupported conclusion. For example, there are no facts indicating why the officers came into contact with plaintiff in the first place, what the officers were told by others, and what motive the officers had for allegedly lying to get him committed. The lack of any supporting factual allegations means that plaintiff has not shown a right to relief that rises above the level of speculation.

For these reasons, even if the two unknown St. Louis Police officers had been sued in their individual capacities, the claims would be subject to dismissal.

**C. Dr. Christancho and Barnes Jewish Hospital**

Plaintiff's claims against Dr. Christancho and Barnes Jewish Hospital must be dismissed for two reasons. First, plaintiff has not demonstrated that they are state actors or acted under color of state law. Second, he has failed to state a claim against them.

### i.    Color of Law

Plaintiff alleges that defendants Christancho and Barnes Jewish Hospital are liable under 42 U.S.C. § 1983 for violating his constitutional rights. In order to state a claim for relief under § 1983, "a plaintiff must allege sufficient facts to show (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010).

With regard to the first element, a defendant can only be held liable pursuant to 42 U.S.C. § 1983 for actions taken under color of state law. *Carlson v. Roetzel & Andress*, 552 F.3d 648, 650 (8th Cir. 2008). *See also Magee v. Trustees of Hamline Univ., Minn.*, 747 F.3d 532, 535 (8th Cir. 2014) (stating that § 1983 "imposes liability for certain actions taken under color of law that deprive a person of a right secured by the Constitution and laws of the United States"); *Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993) (stating that § 1983 secures constitutional rights from government infringement, not infringement by private parties); and *Montano v. Hedgepeth*, 120 F.3d 844, 848 (8th Cir. 1997) (stating that pursuant to § 1983, "the challenged conduct must have been committed by one who acts under color of law").

In this case, plaintiff has failed to provide any facts demonstrating that defendants acted under color of state law. First, there is no indication that either defendant is a state actor. Though plaintiff provides only minimal facts in the complaint, it seems clear Dr. Christancho is a physician who is privately employed by Barnes Jewish Hospital. Certainly, Dr. Christancho is not alleged to be employed by the State of Missouri, and Barnes Jewish Hospital is not alleged to be a state agency. Indeed, in the complaint, plaintiff appears to acknowledge that neither Dr. Christancho nor Barnes Jewish Hospital is directly affiliated with the state.

Second, plaintiff does not allege any state action by these two defendants in this case. That is, he does not describe any conduct that "is fairly attributable to the state." *See Wickersham v. City of Columbia*, 481 F.3d 591, 597 (8th Cir. 2007). Dr. Christancho is accused of providing a "false insanity certificate" following a mental health evaluation, while Barnes Jewish Hospital is not accused of anything at all. As already noted, Dr. Christancho is a private physician, and there is no indication that Christancho's evaluation of plaintiff constituted the exercise of a right or privilege having its source in state authority.

Finally, the Court notes that a private party acting under color of state law can be held liable under 42 U.S.C. § 1983. *See Crumpley-Patterson*, 388 F.3d at 590. However, a private party may only be held liable "if it is a willful participant in joint activity with the State or its agents." *Gibson v. Regions Fin. Corp.*, 557 F.3d 842, 846 (8th Cir. 2009). In order to state a claim against a private party under § 1983, the plaintiff "must allege, at the very least, that there was a mutual understanding, or a meeting of the minds, between the private party and the state actor." *Mershon v. Beasley*, 994 F.2d 449, 451 (8th Cir. 1993).

Here, plaintiff specifically alleges that Dr. Christancho and Barnes Jewish Hospital "conspired" with the two City of St. Louis police officers, and that they "had a mutual understanding and a meeting of the minds to involuntarily commit" him. Beyond reciting the elements of a cause of action, however, plaintiff does not provide a single fact demonstrating that Dr. Christancho and Barnes Jewish Hospital was "a willful participant in joint activity with the State or its agents." For example, plaintiff does not allege that the two unknown officers ever met with or spoke to Dr. Christancho, much less provide a reason why all three would jointly agree to involuntarily commit plaintiff. The Court "is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual

allegations." *See Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002). Moreover, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017). In this case, plaintiff's unsupported assertion that Dr. Christancho and Barnes Jewish Hospital had a "mutual understanding" with state agents is not sufficient to demonstrate that they acted under color of state law.

### ii. Failure to State a Claim

Even if the Court were to assume that Dr. Christancho and Barnes Jewish Hospital acted under color of state law, he has simply failed to state a claim against them. To state a cause of action, plaintiff's factual allegations must be enough to raise a right to relief above the speculative level." *See Torti*, 868 F.3d at 671. To that end, "[a] pleading that merely pleads labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of factual enhancement will not suffice." *Hamilton v. Palm*, 621 F.3d 816, 817-18 (8th Cir. 2010).

In this case, plaintiff has not plausibly stated a claim. For example, he alleges that Dr. Christancho had a "meeting of the minds" with two police officers, but never actually states that the three individuals met or interacted. He further asserts that Dr. Christancho conspired with the officers to have him committed, but provides no motive as to why Christancho or the officers would undertake this operation. Plaintiff also claims that Dr. Christancho "filed a false and misleading insanity certificate," but provides absolutely no indication as to what made the certificate false, or what made it misleading. Instead of facts, plaintiff provides a series of unsupported conclusions, which are not entitled to the truth. *See Glick v. Western Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019) (explaining that a court "need not accept as true a plaintiff's

13

conclusory allegations or legal conclusions drawn from the facts"). Thus, even if the Court were to assume that Dr. Christancho and Barnes Jewish Hospital acted under color of law, the claims against them would be dismissed.

### D.  42 U.S.C. § 1985

Aside from 42 U.S.C. § 1983, plaintiff purports to bring his complaint under 42 U.S.C. § 1985, alleging a conspiracy to have him involuntarily committed. In order to establish a civil conspiracy under § 1985, a plaintiff must demonstrate "(1) that the defendants conspired, (2) with the intent to deprive him of equal protection of the laws, or equal privileges and immunities under the laws, (3) that one or more of the conspirators did, or caused to be done, any act in furtherance of the object of the conspiracy, and (4) that he was injured or deprived of having and exercising any right or privilege of a citizen of the United States." *Mendoza v. United States Immigration & Customs Enforcement*, 849 F.3d 408, 421 (8th Cir. 2017).

The first element requires the plaintiff to "allege with particularity and specifically demonstrate with material facts that the defendants reached an agreement." *Johnson v. Perdue*, 862 F.3d 712, 717-18 (8th Cir. 2017). *See also Crutcher-Sanchez v. Cty. of Dakota*, 687 F.3d 979, 987 (8th Cir. 2012) ("A conspiracy claim requires evidence of specific facts that show a meeting of the minds among conspirators"). Conjecture and speculation is insufficient to prove the existence of a conspiracy. *Mettler v. Whitledge*, 165 F.3d 1197, 1206 (8th Cir. 1999). Furthermore, unless there is a constitutional violation, there is no actionable conspiracy claim. *Robbins v. Becker*, 794 F.3d 988, 997 (8th Cir. 2015).

In this case, plaintiff has not properly alleged that defendants reached an agreement among themselves to violate his constitutional rights. Specifically, as noted above, he has not even alleged that defendants ever met or interacted with each other, much less engaged in a conspiracy to have

him committed. Plaintiff's accusation regarding "a mutual understanding and a meeting of the minds" does nothing more than repeat verbatim the elements of a cause of action, without demonstrating the existence of those elements. Like so much of plaintiff's complaint, his contention regarding a conspiracy fails to offer facts establishing a plausible claim for relief. *See Johnson v. Precythe*, 901 F.3d 973, 977 (8th Cir. 2018) ("A pleading must offer more than labels and conclusions or a formulaic recitation of the elements of a cause of action to state a plausible claim for relief").

For these reasons, plaintiff has failed to state a claim against defendants under 42 U.S.C. § 1985. Therefore, to the extent that plaintiff brings this action under § 1985, the claim must be dismissed.

### E. Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. (Docket No. 2). The motion will be denied as moot as this case is being dismissed without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 2) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 12th day of April, 2022.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE